# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**In Re:**

**DOW CORNING CORPORATION,**

    **Reorganized Debtor.**

Civil Action No. 00-X-00001-DT
Litigation Facility Matters

Honorable Denise Page Hood

**Bachyen Thi Hontalas,**

    **Plaintiff,**

Case No. 04-CV-30002

v.

**DCC Litigation Facility Incorporated,**

    **Defendant.**

_____/

## MEMORANDUM OPINION AND ORDER

**I.    BACKGROUND/FACTS**[1]

Claimant Bachyen Thi Hontalas opted out of the settlement process before the Settlement Facility as provided under the Dow Corning Plan of Reorganization. Ms. Hontalas submitted a Participation Form signed on June 12, 2004 and received by the Settlement Facility on July 19, 2004. (LF Ex. 1) Ms. Hontalas submitted a Notice of Intent to Litigate/Claimant Questionnaire which was received by the Litigation Facility on November 19, 2004. (LF Ex. 2) On February 22, 2005, the Litigation Facility sent Ms. Hontalas a "deficiency letter" advising her that necessary documentation was missing and that failure to remedy within 30 days would result in a motion to dismiss. (LF Ex. 3) In response, Ms. Hontalas submitted a second Claimant Questionnaire,

---

[1] The following published opinions provide a detailed history of this bankruptcy action: *In re Dow Corning Corp.,* 255 B.R. 445 (E.D. Mich. 2000), 86 F.3d 482 (6th Cir. 1996), 113 F.3d 565 (6th Cir. 1997), 280 F.3d 648 (6th Cir. 2002), and 456 F.3d 668 (6th Cir. 2006).

received by the Litigation Facility on March 4, 2005, which the Litigation Facility believed was also deficient. (LF Ex. 4) The Litigation Facility sent a second "deficiency letter" dated May 20, 2005 advising Ms. Hontalas that necessary documents were still missing. (LF Ex. 5) Ms. Hontalas submitted a third Claimant Questionnaire received by the Litigation Facility on May 14, 2005 which lacked any proof that Dow Corning manufactured her breast implants. (LF Ex. 6) In August 9, 2005 letter, the Litigation Facility requested Ms. Hontalas to submit medical records to establish product identification or proof of manufacturer to enable the Litigation Facility to evaluate her claim. (LF Ex. 7) The Litigation Facility received a signed "Medical Records Form" from Ms. Hontalas on September 6, 2005, authorizing the Litigation Facility to obtain medical records from the Settlement Facility. The Litigation Facility thereafter sought the medical records from the Settlement Facility. (LF Ex. 8) The Litigation Facility received various medical records on October 13, 2005 from the Settlement Facility which did not reflect that Dow Corning manufactured or supplied raw materials for Ms. Hontalas' breast implants.(LF Ex. 10)

The Litigation Facility filed a Motion for Summary Judgment based on Ms. Hontalas' failure to provide any evidence that Dow Corning manufactured her breast implants with the Notice of Intent to Litigate/Claimant Questionnaire. To date, no response has been filed by Ms. Hontalas and Ms. Hontalas did not appear at the scheduled hearing.

## II. ANALYSIS

### A. <u>Summary Judgment Standard of Review</u>

Rule 56(c) provides that summary judgment should be entered only where "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law." The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

**B.     Proof of Manufacturer/Product Identification**

"The threshold requirement of any products liability action is identification of the injury-causing product and its manufacturer." *Roberts v. Owens Corning Fiberglas Corp.,* 726 F. Supp. 172, 174 (W.D. Mich. 1989) (citing *Abel v. Eli Lilly & Co.,* 418 Mich. 311, 324 (1984)). In a product liability action, a plaintiff bears the ultimate burden of proving causation. A defendant is entitled to summary judgment unless a plaintiff can point to evidence to allow a reasonable jury to find that a product or material made by the defendant caused plaintiff's injury. *Roberts,* 726 F. Supp. at 173-74. In the absence of adequate product identification, there can be no proof of

3

causation and summary judgment should be granted. *Id.* at 174.

The Litigation Facility claims that because Ms. Hontalas failed to provide any evidence with her Notice of Intent to Litigate/Claimant Questionnaire and the medical records submitted that Dow Corning manufactured her breast implants, Ms. Hontalas' claim should be dismissed. The medical records received by the Litigation Facility from the Settlement Facility contained medical records from various medical providers. Most of the records do not relate to Ms. Hontalas' breast implants. The only records which refer to the implants is a July 15, 2004 Radiology Report by South Bay Imaging Center which state that the implants (unidentified) are still in place. (LF Ex. 10) The Litigation Facility argues that Ms. Hontalas had the initial burden to investigate whether her implants were manufactured by Dow Corning. None of the medical records received by the Litigation Facility show that Ms. Hontalas' implants were manufactured by Dow Corning. The Litigation Facility has notified Ms. Hontalas on at least three occasions the requirement that she provide proof of manufacturer or product identification as to her implants. Ms. Hontalas has not submitted any documentation to show that her implants were manufactured by Dow Corning.

The Litigation Facility has met its burden under Rule 56 to support its argument that dismissal is appropriate in this case. Ms. Hontalas has failed to respond to the motion or to provide any evidence that her implants were manufactured by Dow Corning. Summary judgment is appropriate in this case.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Litigation Facility's Motion for Summary Judgment (**No. 88, filed January 27, 2006 in Case No. 00-00001**) is GRANTED.

IT IS FURTHER ORDERED that Case No. 04-30002 is DISMISSED with prejudice.

                                                */s/ Denise Page Hood*
                                                DENISE PAGE HOOD
                                                United States District Judge

DATED: March 31, 2008

---

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on this date, March 31, 2008, by electronic means and/or first class U.S. mail.

                                                S/Sakne Srour
                                                Deputy Clerk